PER CURIAM.
We reverse the summary final judgment entered against appellant in his action for tortious interference with an advantageous business relationship and remand.
Appellee’s motion for summary judgment raised a number of grounds including (1) that appellee cannot be liable for interference with appellant’s employment agreement with the city because appellee was the city’s agent, and (2) that there is no factual basis to support the allegation of direct interference with appellant’s employment relationship with the city.
The trial court erroneously concluded, in our view, that because appellee was acting within the scope and capacity of its agency relationship with the city, it was a party to appellant’s employment relationship. Appel-lee’s authority was with respect to a workers’ compensation agreement — not the issue herein — rather than an employment agreement — which is the issue. Appellee could not hire and fire, nor bind the city to the hiring or firing of employees. Accordingly, we hold that appellee was not a party to appellant’s employment relationship with the city. See Albritton v. Gandy, 531 So.2d 381 (Fla. 1st DCA 1988).
Also, because appellant is entitled to favorable inferences arising out of the facts in the record, we find that the record is not totally lacking that appellee directly and unjustifiably interfered with appellant’s business relationship. Therefore, we believe that there is a genuine issue of material fact in issue-
DELL, C.J., and GLICKSTEIN and PARIENTE, JJ., concur.